UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PAUL VILLAMIZAR,

    Plaintiff,

    v.

SENIOR CARE PHARMACY SERVICES, INC., SAMITENDU BANERJEE, ARA KEUSGARIAN, and TONY NGUYEN,

    Defendants.

No. 2:14-cv-01737-TLN-KJN

**ORDER**

This matter is before the Court on Defendants Senior Care Pharmacy Services, Inc. ("Senior Care"), Samitendu Banerjee ("Banerjee"), Ara Keusgarian ("Keusgarian"), and Tony Nguyen's ("Nguyen") (collectively, "Defendants") Motion to Dismiss. (ECF No. 77.) Plaintiff Paul Villamizar ("Plaintiff") opposed the motion. (ECF No. 78.) Defendants replied. (ECF No. 80.) For the reasons discussed herein, the Court DENIES Defendants' Motion. (ECF No. 77.)

///
///
///
///
///

# I. FACTUAL AND PROCEDURAL BACKGROUND

On July 23, 2014, Plaintiff filed a Complaint under seal against Senior Care and Banerjee (the sole owner of Senior Care) for *qui tam* causes of action under the Federal False Claims Act and the California False Claims Act. (ECF No. 1.) On October 21, 2016, Plaintiff filed the operative First Amended Complaint ("FAC") also under seal, which adds Senior Care managers Keusgarian and Nguyen as Defendants as well as eight individual claims against Defendants. (ECF No. 29.) On July 15, 2019, after the United States and the State of California declined to intervene in the case (ECF Nos. 63, 65), the Court unsealed the Complaint and FAC, among other filings. (*See* ECF No. 66.) On August 22, 2019, the Court dismissed the *qui tam* claims in the FAC and allowed Plaintiff to pursue his individual claims against Defendants. (ECF No. 70.)

According to the FAC, on August 15, 2014, Banerjee, Keusgarian, and Nguyen met with Plaintiff and terminated his employment with Senior Care because he refused to carry out Senior Care's allegedly illegal business practices. (ECF No. 29 at ¶¶ 167–168.) At this meeting, Defendants offered Plaintiff a document to sign that contained a non-disclosure clause. (*Id.* at ¶ 169.) After Plaintiff took the document and stated he would review it with an attorney, Banerjee demanded Plaintiff return it. (*Id.*) Plaintiff alleges that when he refused to return the document, Defendants attacked him, held him against his will in an attempt to retrieve the document, hit him with their fists, and threatened him with physical violence. (*Id.*) Plaintiff asserts eight individual claims against Defendants: (1) assault; (2) battery; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; (5) wrongful termination in violation of public policy; (6) whistleblower retaliation in violation of California Government Code § 12653; (7) *qui tam* retaliation in violation of 31 U.S.C. § 3730(h)(1); and (8) violence and intimidation in violation of California Civil Code § 51.7. (*Id.* at 44–64.)

On September 16, 2019, Defendants moved to dismiss Claims One through Five, Seven, and Eight pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on the basis that Plaintiff's individual claims are time-barred on the face of the FAC.[1] (ECF No. 77.)

---

[1] For the purposes of this Order, the Court's references to Plaintiff's "individual claims" shall mean all of the Plaintiff's individual causes of action except Claim Six.

2

## II. STANDARD OF LAW

Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal (Iqbal)*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly (Twombly)*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss under Rule 12(b)(6), the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[ ] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

///

///

In ruling upon a motion to dismiss, the district court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence ("FRE") 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

### III.   ANALYSIS

Both parties agree a two-year statute of limitations applies to Plaintiff's individual claims. (ECF No. 77 at 5–6; ECF No. 78 at 3.) As both parties also agree the limitations period began when the alleged injuries occurred on August 15, 2014 (ECF No. 77 at 5–6; ECF No. 78 at 3), it is undisputed that the limitations period for Plaintiff's individual claims expired on August 15, 2016. *See Sullivan v. JP Morgan Chase Bank, NA*, 725 F. Supp. 2d 1087, 1095 (E.D. Cal. 2010) ("Under California law, a claim 'accrues,' for statute of limitations purposes, upon the occurrence of the claim's last essential element."); *Thompson v. City of Shasta Lake*, 314 F. Supp. 2d 1017, 1025 (E.D. Cal. 2004) ("Under federal law, a cause of action generally accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'") (quoting *Trotter v. Int'l Longshoremen's & Warehousemen's Union Local 13*, 704 F.2d 1141, 1143 (9th Cir. 1983)).

Defendants argue the FAC is untimely on its face, as it was filed on October 21, 2016 — more than two months past the expiration of the limitations period on August 15, 2016. (ECF No. 77 at 3.) In opposition, Plaintiff correctly points out that a claim is "deemed timely" for purposes of the statute of limitations if, before the expiration of the limitations period, a plaintiff files a motion for leave to amend and includes the claim in a proposed amended complaint attached to the motion.[2] (*See* ECF No. 78 at 4–5 (citing *Villanueva v. Liberty Acquisitions Servicing, LLC*,

---

[2]   Plaintiff incorrectly uses "relation back" language to explain that its FAC was timely filed. (ECF No. 78 at 1.) To be clear, whether or not the FAC is "deemed filed" on the date a plaintiff files a motion for leave to amend the complaint is distinct from the "relation back" doctrine. *See Blanchard v. Reward Zone USA LLC*, No. 17-CV-04497-MMC, 2018 WL 7286504, at *2 (N.D. Cal. Apr. 12, 2018) ("Plaintiffs do not argue their proposed claim against [defendant] relates back to the First Amended Complaint . . . Rather, plaintiffs rely on the principle that an amended complaint is, for purposes of the statute of limitations, 'deemed filed' on the date the plaintiff files a motion seeking leave to file the amended complaint.") (citing *Mayes*, 867 F.2d at 1173). Based on the case law Plaintiff cites, the Court interprets Plaintiff's

4

215 F. Supp. 3d 1045, 1057 (D. Or. 2016)).)

This Court has adopted the following principle articulated as articulated by the Eighth Circuit:

> A number of courts have addressed the situation where the petition for leave to amend the complaint has been filed prior to expiration of the statute of limitations, while the entry of the court order and the filing of the amended complaint have occurred after the limitations period has expired. In such cases, the amended complaint is deemed filed within the limitations period.

*Beech v. San Joaquin Cnty.*, No. 2:15-cv-00268-TLN-CKD, 2017 WL 5177654, at *2 (E.D. Cal. Nov. 8, 2017) (quoting *Mayes v. AT&T Info. Sys., Inc.*, 867 F.2d 1172, 1173 (8th Cir. 1989)). Other courts within the Eastern District of California have also found *Mayes* persuasive. *See Hardesty*, 935 F. Supp. 2d at 979–80 ("In [*Mayes*], the court held that a claim is timely if it is included in a motion for leave to file an amended complaint filed before the expiration of the statute of limitations. In the absence of Ninth Circuit guidance on the question, this court finds *Mayes* persuasive . . .").

In the instant case, Plaintiff filed a motion for leave to amend and proposed FAC under seal on July 6, 2016 — almost a month before the limitations period expired.[3] On October 20,

---

argument to be that its FAC was "deemed filed" on the date he filed his motion to amend, versus invoking the "relation back" exception to the statute of limitations.

[3] The Court *sua sponte* takes judicial notice of Plaintiff's Motion to File Proposed First Amended Complaint, as well as the Court's Order Granting Plaintiff's Motion for Leave to Amend. Fed. R. Evid. 201(b)(2), (c)(1); *see Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1967) ("[A] federal district court can take judicial notice of its own records, and this is the established rule.") (internal citations omitted). Although Plaintiff's motion to amend and proposed FAC were filed under seal, the Court notes Defendants could have moved to unseal any pertinent documents at any time. *See United States v. Ctr. for Emp. Training*, No. 2:13-cv-01697-KJM-KJN, 2016 WL 561774, at *2 (E.D. Cal. Feb. 12, 2016) (explaining a district court has the authority to lift the seal on records in a False Claims Act case); *United States ex rel. Brown v. Celgene Corp.*, No. CV 10-3165-GHK (SSx), 2014 WL 12588296, at *1 (C.D. Cal. Mar. 21, 2014) (granting defendant's motion to unseal documents so that it may assess its potential defenses); *see also U.S. ex rel. Schweizer v. Oce, N.V.*, 577 F. Supp. 2d 169, 172 (D.D.C. 2008) (finding a need for public access to the court's docket favored lifting the seal at the pleading stage in response to a motion to unseal records because, among other reasons, unsealing was required to allow defendant to evaluate potential defenses). Because the Court takes judicial notice of the documents on its own docket, the Court may consider those documents without converting Defendants' motion into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903,

2016, the Court granted Plaintiff's motion and ordered Plaintiff to file the FAC under seal within 14 days of the order. Plaintiff filed the FAC under seal on October 21, 2016. Because Plaintiff filed a motion to amend and proposed FAC that included the claims at issue within the limitations period, Plaintiff's individual claims are timely. *See Hardesty*, 935 F. Supp. 2d at 979–80; *Beech*, 2017 WL 5177654, at *2; *see also Villanueva*, 215 F. Supp. 3d at 1057–59 (noting the amended complaint could be deemed timely because the motion to amend the complaint was granted); *cf. Angles v. Dollar Tree Stores, Inc.*, 494 F. App'x 326, 330 (4th Cir. 2012) (finding the amended complaint could not be deemed timely because the motion to amend the complaint was denied).

Accordingly, the Court DENIES Defendants' motion.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendants' Motion to Dismiss. (ECF No. 77.) Defendants shall file a responsive pleading not later than thirty (30) days of the date of electronic filing of this Order.

IT IS SO ORDERED.

DATED: April 26, 2021

                                                                              Troy L. Nunley
                                                                              United States District Judge

---

908 (9th Cir. 2003) ("A court may . . . consider certain materials . . . [including] matters of judicial notice . . . without converting the motion to dismiss into a motion for summary judgment.") (internal citations omitted).