UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNI

| | |
|---|---|
| PAUL VILLAMIZAR,<br><br>        Plaintiff,<br><br>    v.<br><br>SENIOR CARE PHARMACY SERVICES, INC.; SAMITENDU BANERJEE; ARA KEUSGARIAN; and TONY NGUYEN,<br><br>        Defendants. | No. 2:14-cv-01737-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Defendants Senior Care Pharmacy Services, Inc. ("Senior Care"), Samitendu Banerjee ("Banerjee"), Ara Keusgarian ("Keusgarian"), and Tony Nguyen's ("Nguyen") (collectively, "Defendants") Motion for Judgment on the Pleadings. (ECF No. 106.) Plaintiff Paul Villamizar ("Plaintiff") opposes the motion. (ECF No. 108.) Defendants replied. (ECF No. 113.) For the reasons discussed herein, the Court GRANTS Defendants' Motion. (ECF No. 106.)

///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Court need not recount the background facts of the instant case as they are set forth fully in its April 28, 2021 Order. (ECF No. 88.) Plaintiff asserts eight individual claims against Defendants in his First Amended Complaint ("FAC"): (1) assault; (2) battery; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; (5) wrongful termination in violation of public policy; (6) whistleblower retaliation in violation of California Government Code § 12653; (7) *qui tam* retaliation in violation of 31 U.S.C. § 3730(h)(1); and (8) violence and intimidation in violation of California Civil Code § 51.7. (ECF No. 29 at 44–64.)

On September 20, 2021, Defendants filed the instant motion for partial judgment on the pleadings. On October 14, 2021, Plaintiff filed an opposition (ECF No. 108), and on October 18, 2021, Defendants filed a reply (ECF No. 113.)

### II. STANDARD OF LAW

Federal Rule of Civil Procedure ("Rule") 12(c) provides "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The issue presented by a Rule 12(c) motion is substantially the same as that posed in a 12(b) motion — whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–1055 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In analyzing a 12(c) motion, the district court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681

1 (9th Cir. 2010) (citations omitted).

2   If the Court "goes beyond the pleadings to resolve an issue," a judgment on the pleadings is not appropriate and "such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989); Fed. R. Civ. P. 12(d).  A district court may, however, "consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss [or motion for judgment on the pleadings] into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

   As Rule 12(c) neither expressly provides for, nor bars, partial judgment on the pleadings, "it is common to apply Rule 12(c) to individual causes of action." *Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005) (citing *Moran v. Peralta Cmty. Coll. Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993)).  Courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment.  *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); *Carmen v. S.F. Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997)

   **III.   ANALYSIS**

   Defendants argue: (1) there is no individual liability with respect to the individual defendants for Claims Five, Six, and Seven; (2) Plaintiff fails to allege the individual defendants are liable for the aforementioned claims through an agency theory; and (3) failure to exhaust administrative remedies bars Claim Eight.  As an initial matter, the Court agrees with Defendants that Plaintiff failed to oppose Defendants' contention that there is no individual liability as a matter of law on Claim Five.  (ECF No. 113 at 3.)  Additionally, Defendants are correct that there is no individual liability for wrongful discharge.  *See Miklosy v. Regents of the Univ. of Cal.*, 44 Cal. 4th 876, 900 (2008) (An action "for wrongful discharge can only be asserted against *an employer*.  An individual who is not an employer cannot commit the tort of wrongful discharge in violation of public policy; rather, he or she can only be the agent by which *an employer* commits that tort." (emphasis in original)).  Thus, Defendants' motion for judgment on the pleadings as to

1  Claim Five is GRANTED.  The Court will consider the remainder of Defendants' arguments in
2  turn.

### A.  Claim Six: Whistleblower Retaliation in Violation of California Government Code § 12653

Defendants argue "[t]here is no express provision in the [California False Claims Act ("CFCA")] which makes individual supervisors liable for retaliation.  (ECF No. 106-1 at 6 (citing *Turner v. City & Cnty. of S.F.*, 892 F. Supp. 2d 1188, 1208 (N.D. Cal. 2012); *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1164 (2008)).)  In opposition, Plaintiff asserts *United States v. Mackby*, 261 F.3d 821, 828 (9th Cir. 2001), provides that an individual employer, not just the business, can be liable for retaliation in violation of the CFCA.  (ECF No. 108 at 7–10.)

Defendants are correct that a plaintiff cannot state a claim against individual defendants under California Government Code §§ 12653(b) and (d).  *Turner*, 892 F. Supp. 2d at 1208 (citing *LeVine v. Weis*, 90 Cal. App. 4th 201, 212 (2001), *disapproved of on other grounds by Wells v. One2One Learning Found.*, 39 Cal. 4th 1164 (2006) ("By its terms, [§ 12653(c)] imposes liability only on the employer . . . If the Legislature had intended to impose liability on individuals or entities other than the employer, it would have said so.")).  Defendants are further correct that Plaintiff improperly relies on *Mackby*, which "did not involve, much less discuss, whistleblower retaliation under the [C]FCA."  (ECF No. 113 at 4); *see also Mackby*, 261 F.3d at 824–31 (affirming the district court's judgment as to the violation of the federal False Claims Act ("FCA")).

Accordingly, Defendants' motion for judgment on the pleadings as to Claim Six is GRANTED.

### B.  Claim Seven: *Qui Tam* Retaliation in Violation of 31 U.S.C. § 3730(h)(1)

Defendants argue that individual defendants cannot be liable for retaliation under the federal False Claims Act ("FCA").  (ECF No. 106-1 at 7 (citing *United States v. Kiewit Pac. Co.* (*Kiewit*), 41 F. Supp. 3d 796, 814 (N.D. Cal. 2014); *United States ex rel. Lupo v. Quality Assurance Servs.*, 242 F. Supp. 3d 1020, 1029 (S.D. Cal. 2017)).)  In opposition, Plaintiff relies on *Mackby* for Claim Seven as well to assert that individual defendants may be liable for

4

retaliation under the FCA. (ECF No. 108 at 7–10.)

The Court agrees with Defendants. Numerous courts have held that individual defendants — "*e.g.*, coworkers, supervisors, or corporate officers who are not employers, or who lack a contractor or agency relationship with the plaintiff" — cannot be held liable for retaliation under the FCA. *Kiewit*, 41 F. Supp. 3d at 813–14 (citing *Wichansky v. Zowine*, No. CV-13-01208-PHX-DGC, 2014 WL 289924, at *3–5 (D. Ariz. Jan. 24, 2014); *Monsour v. N.Y. State Office for People with Developmental Disabilities*, No. 1:13-CV-0336 TJM CFH, 2014 WL 975604, at *11 (N.D.N.Y. Mar. 12, 2014); *Lipka v. Advantage Health Grp., Inc.*, No. 13-CV-2223, 2013 WL 5304013, at *12 (D. Kan. Sept. 20, 2013); *U.S. ex rel. Abou–Hussein v. Sci. Applications Int'l Corp.*, No. CIV.A. 2:09-1858-RMG, 2012 WL 6892716, at *3 (D.S.C. May 3, 2012) *aff'd*, 475 F. App'x 851 (4th Cir. 2012); *Howell v. Town of Ball*, No. CIV.A. 12-951, 2012 WL 6680364, at *2 (W.D. La. Dec. 21, 2012)). Additionally, as stated previously, *Mackby* does not involve or discuss whistleblower retaliation under the FCA, but rather evaluates whether the government proved the elements of a cause of action under the FCA, 31 U.S.C. § 3729(a)(1). *See Mackby*, 261 F.3d at 826–31.

Accordingly, Defendants' motion for judgment on the pleadings as to Claim Seven is GRANTED.

## C. Claims Six and Seven: Agency Theory

Defendants argue "Plaintiff cannot salvage the bar against individual liability by asserting conclusory allegations that 'each defendant was the agent, representative servant and/or employee of every other defendant, who was the principal, master and/or employer of each other defendant . . . .'" (ECF No. 106-1 at 8 (citing ECF No. 29 ¶¶ 206, 214, 220).) In opposition, Plaintiff contends he has alleged "more than sufficient facts to support his claim that the [i]ndividual [d]efendants are partners with each other." (ECF No. 108 at 10.) Plaintiff further notes the following but does not cite to any specific paragraphs of the FAC: Nguyen and Keusgarian "knew about the price deals between Senior Care and the SNFs"; "were unhesitatingly cooperating with . . . Banerjee in committing illegal practices"; and "were willing to risk having a lawsuit against them to assist . . . Banerjee [to] attack [Plaintiff], just to receive a document." (*Id.* at 11.)

5

To plead ostensible agency, a plaintiff must allege: "(1) they reasonably believed the agent had the authority to act on behalf of the principal; (2) the principal's act or neglect caused them to believe in the agent's authority; and (3) their reliance on the agent was not due to negligence." *Warwick v. Rejuvi Lab., Inc.*, No. 18-cv-02701-MEJ, 2018 WL 3609089, at *5 (N.D. Cal. July 27, 2018) (citing *Associated Creditors' Agency v. Davis*, 13 Cal. 3d 374, 399 (1975)). In *Warwick*, the court found the plaintiffs' complaint contained each of these three elements because the plaintiffs alleged:

> [the agent] sold services and products developed by [the principal]; was trained by [the principal] to sell its products and services; told [one of the plaintiffs] she was certified by [the principal] to perform the [principal's] tattoo removal procedure and that she was in "constant communication" with [the principal]; and told [one of the plaintiffs] she spoke directly with [the principal's] CEO and chief scientist when [one of the plaintiffs] began suffering from the procedure.

*Id.* Thus, the court found the plaintiffs sufficiently alleged a plausible claim for fraud under an ostensible agency theory. *Id.*

Here, the FAC fails to specify the following: how Plaintiff reasonably believed each of the Defendants had the authority to act on the others' behalf; how each of the Defendants' act or neglect caused Plaintiff to believe in each of the Defendants' authority; and how Plaintiff's reliance on Defendants was not due to negligence. Instead, Plaintiff makes conclusory allegations. (*See* ECF No. 29 ¶¶ 206, 214, 220.)

Accordingly, the Court finds Plaintiff fails to allege sufficient facts to support an agency theory of liability and state a plausible claim under Claims Six and Seven.

D.  Claim Eight: Violence and Intimidation in Violation of California Civil Code § 51.7 ("§ 51.7")

Defendants argue Plaintiff's eighth claim is barred for failure to exhaust administrative remedies. (ECF No. 106-1 at 9.) Defendants contend that while § 51.7 "is an independent statute, the [Fair Employment and Housing Act ("FEHA")] expressly covers violations of the statute in the workplace" and FEHA requires "[t]he timely filing of an administrative complaint" as "a prerequisite to filing a civil action for damages for an 'unlawful practice' covered by the [law]." (*Id.*) Defendants assert the eighth claim is a statutory civil rights claim designated as an

unlawful practice under FEHA and the California Supreme Court held "that even though an employee may have common law remedies arising from the employer's actions (such as assault and battery or intentional infliction of emotional distress), 'exhaustion of the FEHA administrative remedy is a precondition to bringing a civil suit *on a statutory cause of action*' that is covered by the act." (*Id.* at 10–11 (emphasis in original) (quoting *Rojo v. Kliger*, 52 Cal. 3d 65, 83 (1990)).)  In opposition, Plaintiff maintains a claim under § 51.7 is not under FEHA and therefore administrative exhaustion is not mandatory.  (ECF No. 108 at 12–13.)

FEHA states that "[i]t is an unlawful practice under this part for a person to deny or to aid, incite, or conspire in the denial or the rights created by [§] . . . 51.7 . . . of the Civil Code."  Cal. Gov't Code § 12948.  FEHA requires "[a]ny person claiming to be aggrieved by an alleged unlawful practice" to first file an administrative complaint.  *Id.* § 12960(c).  "[E]xhaustion of the administrative remedy is a jurisdictional prerequisite to resort to the courts [and u]nder California law an employee must exhaust the . . . administrative remedy provided by [FEHA] by filing an administrative complaint with the [Department of Fair Employment and Housing ("DFEH")] . . . and obtaining DFEH's notice of right to sue . . . before bringing suit on a cause of action under the act or seeking the relief provided therein . . . ."  *Okoli v. Lockheed Tech. Operations Co.*, 36 Cal. App. 4th 1607, 1613 (1995) (internal citations and quotation marks omitted) (citing *Martin v. Lockheed Missiles & Space Co.*, 29 Cal. App. 4th 1718 (1994)).  Other courts have come to a similar conclusion.  *See Mikuriya v. Medical Bd. of Cal.*, No. A104252, 2004 WL 1859639, at *2 (Ct. App. 2004) ("We find that the doctrine of exhaustion of remedies applies to the injunctive and declaratory relief sought in 11 of the 15 causes of action of the amended complaint: the third cause of action alleging intimidation and threats of violence in violation of [§] 51.7 . . . .")[1]; *cf. Boyd v. City of Hermosa Beach*, 2006 WL 8437998, at *4 (C.D. Cal. Jul. 18, 2006) (finding the plaintiffs adequately stated a claim under § 51.7 and directing that any-later filed FAC should

---

[1] Although this is an unpublished case and California Rule of Court 8.1115 restricts citation of unpublished opinions in California courts, federal courts may cite to unpublished opinions of the California Courts of Appeal as persuasive authority.  *Attisha Enterprises, Inc. v. Capital One, N.A.*, 505 F. Supp. 3d 1051, 1058 n.3 (S.D. Cal. 2020) (citing *Nunez by Nunez v. City of San Diego*, 114 F.3d 935, 942 n.4 (9th Cir. 1997)).

7

consider the exhaustion of administrative remedies).

Here, Plaintiff does not plead in his FAC that he filed an administrative claim with the DFEH and obtained a notice of his right to sue prior to filing the instant suit. Accordingly, Defendants' motion for judgment on the pleadings as to Claim Eight is GRANTED.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings (ECF No. 106) is GRANTED. The parties are ORDERED to file a joint status report with proposed dates for discovery.

IT IS SO ORDERED.

DATED: February 4, 2022

Troy L. Nunley
United States District Judge