UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL VILLAMIZAR,<br><br>     Plaintiff,<br><br>     v.<br><br>SENIOR CARE PHARMACY SERVICES INC., et al.,<br><br>     Defendants. | No.  2:14-cv-01737-DAD-KJN<br><br>ORDER<br><br>(ECF Nos. 166, 167.) |

    In this case, plaintiff contends (among other things) that he was fired because he informed senior management of defendant Senior Care Pharmacy Services of alleged illegal acts defendant's employees were committing; defendant contends plaintiff never made it or any of its agents aware of these alleged illegal acts, and so it cannot be found that it retaliated against plaintiff.  (See ECF No. 29; 168.)  Currently before the court are two motions to compel brought by defendant seeking to compel further responses from plaintiff to one contention interrogatory and three requests for production of documents.  (ECF Nos. 166, 167.)  The court held a hearing on the matter on August 22, 2023.

    Defendant argues plaintiff's response to the interrogatory (to state all facts supporting plaintiff's contention he notified management about illegal conduct), while lengthy, is essentially evasive because it fails to answer the direct question of when, where and how, if ever, plaintiff complained to defendant.  Defendant similarly argues plaintiff's response to the three requests for

production are non-responsive because plaintiff simply identifies over a thousand pages of documents supporting his allegations that he notified defendant of the alleged illegal conduct. Conversely, plaintiff argues his response to the contention interrogatory identifies specific instances where he informed defendant's agents of the illegal conduct, and at the hearing pointed to at least two instances by way of example. Plaintiff also contends he responded broadly to both the interrogatory and the requests for production because defendant's questions asked for "all facts" and "all documents" supporting his contentions. (See ECF No. 168.)

The court notes that, while plaintiff's answer to the interrogatory may lack in specific details, he adequately responded to the broadly worded contention query. Plaintiff's answer should be sufficient to point defendant to the instances where plaintiff contends he put defendant on notice, and defendant can follow up with more-targeted questioning at plaintiff's upcoming deposition. Similarly, the requests for production elicited a response identifying the thousands of pages because defendant asked a broad question, and defendant can inquire further at the deposition about how and why the specific documents support plaintiff's claim of notice. Given the district court's resolution of this very issue on summary judgment (in plaintiff's favor) and given that it may ultimately be for a jury to decide whether plaintiff's assertions were enough to constitute adequate notice, defendant's motions are denied.

However, plaintiff should not mistake the court's denial of defendant's motions as full support for his position. Plaintiff is cautioned about his responsibilities to refresh himself— prior to his upcoming deposition—regarding his factual contentions and documents relied upon.

**ORDER**

Accordingly, and for the reasons stated above and at the hearing, it is hereby ORDERED that defendant's motions to compel (ECF Nos. 166 and 167) are DENIED.

Dated: August 23, 2023

vill.1737

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE